LURIE *v.* SCHOENBERG.

1. VENDOR AND PURCHASER—RESCISSION—FRAUD.

    In suit by vendee to rescind land contract for fraud in representing that lots purchased were corner lots, when in fact they were located in middle of block, evidence *held*, sufficient to justify finding of court below that representation was made as alleged, that it was relied on by plaintiff, and that it was false.

2. SAME—LACHES.

    Vendee's right to rescind contract for purchase of lots on ground of fraud in misrepresenting their location was not barred by laches, where he acted promptly on discovering said fraud, although nearly six years had elapsed since their purchase.

3. SAME.

    Vendee's failure to complain of fraud in misrepresenting location of lots sold on contract, although he had visited plat many times, would not bar his right to rescission, where visit to plat would not necessarily disclose true location of lots.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted June 11, 1930. (Docket No. 95, Calendar No. 34,943.) Decided December 2, 1930.

Bill by John E. Lurie against Emanuel Schoenberg, doing business as E. Schoenberg Land Company, to rescind a land contract. From decree for plaintiff, defendant appeals. Affirmed.

*Arthur J. Hass,* for plaintiff.

*Barbour & Martin,* for defendant.

McDONALD, J. This bill was filed to rescind an executory contract for the purchase of two lots on the ground that their location was misrepresented by the defendant. On the hearing, the circuit judge

entered a decree in favor of the plaintiff. The defendant has appealed.

The controversy involves merely a question of fact. The defendant was the owner and subdivider of the subdivision in which the lots in question were located. The plaintiff says he made the purchase from a plat in defendant's office; that defendant pointed to the lots on the plat and represented that they were corner lots; that he told defendant he would not buy them unless they were so located; that he and the defendant had been close friends for many years and that he relied on the defendant's representation, which he subsequently found to be false.

After a careful examination of the evidence, we agree with the trial court that the representation as to the location of the lots was made as alleged; that it was relied on by the plaintiff and was false. But it is claimed that the plaintiff is not entitled to the relief sought because of laches. It is true that this suit was not begun until nearly six years after he purchased the lots, and that, in the meantime, he made no complaint though he had been out to see them 12 or 15 times. But a visit to the property would not necessarily disclose the true position of the lots. The plaintiff testified that he assumed they were corner lots and made no investigation until he attempted to make a loan on them, when he learned that they were located in the middle of a block immediately adjacent to other lots belonging to another subdivision. The evidence shows that he acted promptly after discovering that they were not where defendant represented them to be.

The decree is affirmed, with costs to the plaintiff.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.